Good morning, Your Honors. My name is Christine Chung. I'm from the law firm 70 and Gay, and I represent today the petitioner-appellant Raj Rajaratnam. The government's proof-at-trial encompassed two categories of trades, Your Honors. In one category, Mr. Rajaratnam dealt directly with insiders. That was the majority of trades on which the government put on proof-at-trial, and they are not challenged in this habeas appeal. Then there was another category of trades where Mr. Rajaratnam dealt with an intermediary who obtained information from an insider and then passed back the non-confidential information on which, sorry, the confidential information on which Mr. Rajaratnam admittedly traded. The government's contention-at-trial and what the district court found was that from the first category of trades, because Mr. Rajaratnam, the proof showed that Mr. Rajaratnam, quote, understood that this sort of confidential information is not provided to individuals without exchange of some kind of benefit, since Mr. Rajaratnam understood that, it can be inferred in the second category of trades that the intermediaries must have obtained the information in the same way, in other words, by giving personal benefits. But you have to show either new evidence or change in the law, right? Yes, Your Honor, and we're relying on change in the law. And, but isn't it a fact that Judge Hallwell's charge essentially was in compliance with Newman? Well, Your Honor, we don't believe that the charge was in compliance with Newman because it was garbled when it was given. But more importantly, Your Honor, the district court never found that the charge was proper. The government did not argue that below, and the district court, if you look at the district judge's reasoning, she finds, when she's discussing the charge, that, and she lists out one of our claims as being that the charge was incorrect. She does not rule one way or the other. She says, if the charge was incorrect, it was harmless. So it has not been argued here by the government, it was not accepted by the district court that the charge was correct. We come here to this court – I'm not sure that I see that, but in any event, why don't you tell us why the charge isn't correct? It is a, it, it is a case that we cited as anticipating the Newman rule precisely because it was charged. So I would think you would have to persuade us that it wasn't correctly charged. Your Honor, I, I – Now, I know you have the garbled argument, but there again, it seems to me that when we look at the totality of what the judge charged and what he gave them, the, there's an argument to be made that it was correct. So you tell me why we shouldn't reach that conclusion. Your Honor, it's, it's our, it's our strong view that the charge was not correct. And we understand that this Court cited in the Newman case Judge Hallwell's decision. That decision was actually after trial. It was when the post-trial motions were being briefed. He had ruled before trial over the government's objection, anticipating Newman, that knowledge of benefits should be charged. The problem was when he gave the charge, he used a formulation that said, the government missed show that Mr. Rajaratnam knew that the information he traded on was material, non-public information, that if disclosed by an insider, would directly or indirectly obtain some personal benefit from the disclosure. That's different from the charge that is customarily given in this courthouse, and also from the charge that, that, that Your Honor suggested in Newman would be correct, because usually the formulation is, there was a benefit that was obtained by the insider. The question is not whether it's different from. It's whether it's erroneous. Yes, Your Honor. So don't tell us how it's different from the usual charge. Tell us what's erroneous about it. It's erroneous because, for two reasons. It inserted material, non-public information between usually the charges, knew of the benefit, there was a benefit, defendant knew of the benefit. Here it says material, non-public information, which if known. So you don't know whether the jury found that what the defendant knew was that the information was material and non-public, or what the jury found was that the defendant knew that a benefit was given. I'm not sure I'm following that, because it's material, non-public information, which if known, would have been a benefit. So the two seem to be linked, that the Your Honor, the way that the charge is written, it could be, just logically as it reads, it could be that the jury found one thing or the other thing, and they're not the same element. You can have material, non-public information that was disclosed, and maybe Mr. Rajaratnam was found to have known that. Or it could be that Mr. Rajaratnam was found to have known that there was a benefit given to obtain that material, non-public information, and Mr. Rajaratnam knew that. But There was no argument in the trial court that that was an erroneous charge. Your Honor With respect to that, I mean, no argument was made that that did not clearly state what the benefit was. I mean, that's a very different argument from not charging the jury at all that they had to find a known benefit. Your Honor, there was no contemporaneous objection when Judge Hallwell read the charge to the jury. But whether there was or not, if the jury was erroneously charged, the actual innocence argument can be made. And so even if there was a waiver at the time of the charge being incorrect, if the charge is incorrect and I'm not sure. I mean, we are on habeas here, and you've acknowledged that you have to act or you have to basically show actual innocence. That's what you're arguing here. That's right, Your Honor. Now, the problem for you, it seems to me, is that the judge intended to charge the actual benefit. You're saying, yes, but he did it wrong. That's not that he failed to charge it. I mean, so it's not as if he didn't present the question to the jury, and having presented it, you had an opportunity but forfeited the opportunity to challenge the charge. No, Your Honor. Here's where I disagree with that analysis. Okay. Help me out. I do agree that where there's been a redefinition of the crime, essentially to add an element. So then you go to, well, what was the jury charged? It's our contention that the jury was erroneously charged. So basically, whatever the new element was that Newman announced, and it affirmed that knowledge of benefit is an element, if that was not correctly charged to the jury, then we get the benefit of going back to the record regardless of waiver. Because at the point when somebody is sitting in jail for something that is not defined to be a crime, and the jury wasn't charged properly that it was a crime, that is a fundamental miscarriage of justice. That's what the Bowsley case says. So the fact that there's waiver along the way, and here there was waiver. We did not satisfy the cause and prejudice standard. We are under a different prong which says there's an independent constitutional violation when somebody is sitting in jail for something that's been defined now not to be a crime anymore. So we agree with Your Honor that we maintain strongly that the charge was incorrect. I would restate the government did not maintain otherwise below. The one part of the district court's opinion that I agree with was that the district judge did not go to the place where she said that the charge was correct. And so that's why we're here saying when you get to what the government argued and the briefs crystallized it, the government is saying exactly what Judge Preska said. I have one further question for you. It seems to me your argument, as you've now articulated for it, is one of legal insufficiency, not actual innocence. It's not, Your Honor, and the two standards are different. So you know that. That's why I'm asking you how what you're arguing is not legal insufficiency, not actual innocence. So the two standards are different, and there are two cases that discuss this at length. One is Schlepp v. Dello, and the other one is House v. Bell. The Jackson v. Virginia standard is not the Bousley standard. Actual innocence means I have the burden to look at the entire record, and in light of all the evidence, I have to show that no reasonable juror could have concluded that Mr. Rajaratnam was guilty on the counts that I've challenged. And actual innocence as opposed to legal insufficiency means here's where the government gets the benefit of that standard. If they had wanted to below in front of the district court, they could have said there was evidence ruled inadmissible, or there's newly available evidence that we could put on to show that Mr. Rajaratnam actually did know of the benefit that was conferred on insiders with respect to these trades. But the government never did that. If they wanted to go back and say something was withheld, something was ruled inadmissible, or I have new evidence, they could have done that, but they did not do that. And that's the actual innocence standard. I have the burden to show that no reasonable juror would have convicted him. I don't think there's any dispute on this record. The government has said multiple times they did not show, they did not even attempt to prove that Mr. Rajaratnam knew of the precise benefits that were conferred in this case. They did not have any proof on that. They very explicitly rely on a pattern of trades or Mr. Rajaratnam's own experience in giving funds to the intermediary or to the insider with whom he dealt. His actions and conduct do not bear under Dirks on the insider's motivations when the insider turns over the inside information. That is precisely the inference that this Court in Newman, which this Court has struggled very, very diligently since four years ago when it was decided. But one thing that Newman has always said and has not changed in that case, Your Honor, said the government invites us to conclude that the jury could have found that the appellants knew the insiders disclosed the information for some personal reason rather than for no reason at all. And this Court said, but the Supreme Court affirmatively rejected the premise that a tipper who discloses confidential information necessarily does so to receive a personal benefit. I well understand you're wanting us to hear this as if we were on direct appeal, but you're not. And I want to take you back to your suggestion that you don't have to demonstrate factual innocence here. Is that right? That's your position? Your Honor, our burden under Bowsley, and it's very specific about this, the burden is to show that the record doesn't have any evidence, because the government, the touchstone is always reasonable doubt. Are you suggesting that cases like Bowsley v. United States in the Supreme Court, our decision in United States v. Thorne, which say that a forfeited question, if you want to raise it now, has to show factual innocence, not mere legal insufficiency? That that doesn't control here? It does, Your Honor, but factual innocence still means, Your Honor, I agree with that. Not legal insufficiency. Right. And my question to you is, you've got a charge that charges benefit, but you say not accurately. And a record that, you know, the parties can argue to us what inferences are drawn, I'm not sure how we get to factual innocence, not mere legal insufficiency. Your Honor, factual innocence refers to the fact, and Bowsley defines it, so does Schlupp, so does House v. Spell. It doesn't mean that I have to come forward with new evidence of actual innocence. What it means is, just like we did after Skilling, just like we did after Bailey, you go looking in the entire record, supplement it if the government chooses to supplement it with new evidence that they have, and you say, is there evidence in this record? That's actual innocence. It's somewhat of a misnomer. It's a little frustrating that it's causing this, but it is exactly the inquiry we cite all the cases where we cite Thorne, Your Honor, where after Bailey, when this Court went back to see did somebody use or carry a firearm, it doesn't mean that you have to put on new evidence that you didn't use or carry a firearm. What it means is you have to go back to the record or to the plea and say, was there evidence that you used or carried a firearm? So now do we reduce to if the charge did not have the defect you're saying, and I'm just assuming it's defective for purposes of our argument, the government may argue otherwise, but that if the jury had been properly charged, they could not as a matter of law have found a benefit on this record? It's the standard of, can I show that no reasonable juror would have found that? Right. By more likely than not, yes. That's why the burden. Thank you. Yes, Your Honor, that's what the burden is. All right, let's hear from your adversary, then I know you want to reserve some time. Thank you, Ms. Chung. Good morning, Your Honors, and may it please the Court. Michael Ferrara for the government. I did not represent the government at trial or on the direct appeal. I have represented the government throughout the habeas litigation. What's your position on whether the charge was defective on the benefit issue? It was not defective, Your Honor. When we initially briefed this in the lower court, there were, we were dealing with Newman's sort of pecuniary-like benefits language. That specific language had not been given, but that language is no longer the law, and this instruction as given absolutely is sufficient when it was given and today. So we have a properly instructed jury that considered all of the evidence before it, and you would agree it's a little garbled, wouldn't you? Yes, I do, Your Honor, but I think the meaning is clear, and I think, and this is where we get into these cold record sorts of issues, because we had several lawyers in the courtroom, half of whom had requested this charge, and whatever it was that the judge said apparently was clear enough that no one objected. And I referred to that some years back as the lawyer that didn't bark. Well said, Your Honor. And not only, so no one objected, and then Rajaratnam made a sufficiency argument at the Rule 29 stage, did not argue that the instruction was insufficient, but made some legal, but rather said that the facts did not support the charges, the evidence didn't support the charges. Judge Hallwell rejected those arguments. Some of the exact same arguments that Rajaratnam raises today, Judge Hallwell rejected years ago at the Rule 29 stage, and then Rajaratnam did not appeal that ruling because it was as meritless then as it is now. So we have a properly instructed jury that came to appropriate, logical, supported inferences about Rajaratnam's knowledge of the benefits to insiders. The only other ---- If I understood Ms. Chung at the start of her argument, she said that's not the ruling that was made on habeas. The rule ---- Do you want to respond to that? The ruling that Judge Preska made below was complicated because when Judge Preska was making it, the law was a little less clear than it is today after Martoma. So just to sort of trace how this happened, Rajaratnam made his petition. Shortly after Newman, at that time, Newman was still good law. Then Salmon came down. We put in brief letters to Judge Preska about Salmon, and the government's position was that Salmon essentially abrogated Newman's pecuniary-like language. And then Judge Preska, I think, anticipating that this court was going to want to rule on that and it was appropriate for this court to take the first look, did defer on that. But now, in light of Martoma, we know that this jury was properly instructed. Nothing has changed since the Rule 29 stage. And I'm happy to go through the evidence. I don't know if the court would like me to, but every ---- what I want to just encourage the court not to do is compartmentalize the evidence. That's essentially what Rajaratnam is asking the court to do, to say, well, there was only this one thing as to Rumi Khan's insiders. There was this one thing as to Daniel Chiesi's insiders. That's not how a jury looks at evidence. And as we all know, the jury can look at the whole totality. So we're not saying the government's position is absolutely not to draw some assumption. Of course, at times, material non-public information is given to outsiders for legitimate reasons. Might be a whistleblower. It might be a legitimate sort of investment relations person. That is not the Rajaratnam case. This is a man who himself, the evidence showed, directly paid at least for insiders for information. While he's doing that in complicated ways to hide his tracks, he's instructing people not to put things in emails. He's instructing his traders to make cover trades. He is telling his co-conspirators to be radio silent. He's saying, I'll never call you on your cell phone. The jury doesn't have to ignore any part of that. When it says to itself, well, when he's giving Rumi Khan information about ISIL, and Rumi Khan is passing him information, I can infer from everything I've heard that he understood this information came at a price, and Rumi Khan had to give some benefit to her insider. And when Rumi Khan says, wait for guidance, let me get guidance, the jury's entitled to infer, as Judge Hallwell found, that that's not just some investment relations person who's doing their job. The jury's entitled to infer that that's material, non-public information being given illegally for a benefit. And so, looking at the record in its totality, there is no question that Raj Rajaratnam is not factually innocent. Unless the panel has any other questions. Thank you. I need to reserve some time. Yes, Your Honor. I'd like to read from the part of Shlupi Dello that I was referring to that ties actual innocence to a showing in the record. This is from page 327 of 513 U.S. The carrier standard requires the habeas petitioner to show that a constitutional violation, requires the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. The petitioner, thus, is required to make a stronger showing than that needed to establish prejudice. So, it's talking about the comparison to the Jackson v. Virginia standard. In talking about it, it says the carrier standard is intended to focus the inquiry on actual innocence. In assessing the adequacy of the petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern a trial. Instead, the emphasis on actual innocence allows the reviewing tribunal also to assess evidence that was either excluded or unavailable at trial. Then it goes on to say that the standard reflects the proposition, firmly established in our legal system, that the line between innocence and guilt is drawn with reference to reasonable doubt. In other words, you still go back to the record to assess was there, and this is in the Lociavo case, which this court decided. The question is, did the government adduce, does the record contain evidence of the element that was declared to be part of the crime? And if there is not, then, as I mentioned, then you have a situation where there is a fundamental miscarriage of justice. The inquiry that the jurors were required to do was to proceed count by count. That was another part of the instruction that was given. Another thing that bears on the instruction, Your Honor, is that the government affirmatively argued to the jury that they did not bear the burden of showing knowledge of a benefit. The government stood in front of the jury and said, now, with respect to the conspiracy counts, as I said, with respect to the stock subject to the conspiracy counts, we don't need to prove Mr. Rajaratnam's knowledge of the benefit. They should not have done that. Judge Hallwell told them this was something that they needed to prove, and instead they've stood in front of the jury and disclaimed an obligation to prove that element. So the combination of the charge, with its if and woulds and ifs, and with its placement of material non-public information in the middle of a sequence that is supposed to be about benefit and knowledge of the benefit, was not a correct charge, and that error was compounded by the government affirmatively disclaiming in front of the jury the obligation to prove exactly the element that Newman says they have to. The statement was or was not objected to? The statement that the government made? No, Your Honor. But as I'm not going to repeat the argument. There's not a waiver. It was not objected to. It was not objected to, Your Honor. But, again, in the context of a case in which the defense asked for a benefit charge and then got one, however much you're dissatisfied with it now, right? I just want to make sure I understand the context of all of this. Your Honor, the shortest argument I can make on this is no lawyer can waive an actual innocence claim where the definition of the crime has been changed. I'm not asking you your argument. I'm asking you whether I've understood the factual context, that there was no objection and it's in a case in which this charge was requested and given. Yes, Your Honor. That's factually correct. Yes, that's correct. So when Mr. Ferrara finally talks about evidence of concealment or avoidance, those were all, and we've listed this out in one of the footnotes in our reply brief, it all related to other trades. Here, again, just like the district judge did, Mr. Ferrara is importing knowledge that Mr. Rajaratnam had on direct trades and trying to carry that proof over to proving what the insider's state of mind is when they dealt with the intermediary. Your Honor, under Dirks, that is simply not a permissible inference. It's not a permissible assumption. It's not an odds are kind of analysis. And as I know that this is the kind of record that causes the court to question, causes readers to question, well, how can he be actually innocent? Under the legal standard he is, the presumption that the government is asking you to draw, which is that there was some kind of pattern or knowledge or experience, is what Dirks said you cannot do. And that holding, which the district court adopted, could not be allowed to stand without vitiating Dirks, which is something that this court said in Martoma it would not do. If there's any lesson that's been learned over the past four years, it's that the Dirks standard is Dirks is Dirks. If I'm barking, Your Honor, that's the one thing I want to bark today. And diluting that standard to the point where you don't have to prove that the information the defendant traded on was obtained through paying a benefit to the insider that was remote from the defendant, or that the defendant knew that the insider was paid the benefit, that is against Dirks. Thank you. Thank you, Your Honor. Thank you very much.